O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKENDALL SMITH, <br><br> Petitioner, <br><br> vs. <br><br> E. VALENZUELA, Warden, <br><br> Respondent. | CASE NO. CV 13-4582 JSL (RZ) <br><br> ORDER SUMMARILY DISMISSING PAROLE HABEAS ACTION PURSUANT TO *SWARTHOUT v. COOKE* |

Because Petitioner's challenge to his recent denial of parole plainly lacks merit, the Court will dismiss the action summarily. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

## I.

## INTRODUCTION

Petitioner Lakendall Smith is serving a lengthy prison sentence following his 1992 murder conviction. In March of 2011, the Board of Parole Hearings found Petitioner suitable for parole, but the Governor exercised his authority to overrule the Board. After

exhausting a state-habeas challenge to the denial, Petitioner now seeks habeas relief from this Court. Petitioner asserts that the Governor's decision violates his federal due process rights.

## II.
## FEDERAL DUE PROCESS CONCERNS
## ARE VERY LIMITED IN PAROLE CASES

Petitioner pointedly cites *Swarthout v. Cooke*, 562 U.S. __, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (*Cooke*), for purposes of arguing that his petition is not barred by that case. *Cooke* reversed two rulings by the Ninth Circuit granting habeas relief based on a lack of "some evidence" of the inmates' current dangerousness. *Cooke* said that such a "some evidence" requirement is a state, not federal, requirement and held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Rather, *Cooke* held, the federal habeas court's inquiry – in cases, such as this one, in which a prisoner seeks habeas relief based on an alleged violation of the federal Due Process Clause – is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).

Here, Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided the Governor's statement of his reasons for reversing the Board. Petitioner vehemently disagrees with those reasons factually, but "[t]he Constitution does not require more." *Greenholtz*, 442 U.S. at 16. Petitioner implies that a Governor's reversal of a favorable Board finding somehow is distinguishable, for purposes of applying *Cooke*, from the more common result in which the Board finds an inmate unsuitable for parole. But one of the two inmates involved in *Cooke* itself, Elijah Clay, suffered the same kind of gubernatorial reversal, 131 S. Ct. at 861, and the Supreme

Court rejected Clay's federal due process claim (along with that of Damon Cooke, who suffered the more common Board-level denial of parole). Like Elijah Clay, Petitioner was given the process that California law made due, namely a hearing and a statement explaining the parole denial. That satisfies federal due process. In light of *Cooke*, Petitioner presents no cognizable claim for relief based on federal law.

### III.
### CONCLUSION

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: July 8, 2013

*Spencer Letts*

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE